SALANS
Lora A. Moffatt (LM-4084)
Joseph Petersen (JP-9071)
620 Fifth Avenue
New York, New York 10020
Tel.: (212) 632-5500
Fax: (212) 632-5555

Attorneys for Plaintiff
Laboratoires Expanscience S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LABORATOIRES EXPANSCIENCE S.A.,

                Plaintiff,

        v.

JASON THEODOSAKIS, M.D., a.k.a. "Dr. Theo," and
SUPPLEMENT TESTING INSTITUTE, INC.

             Defendants.

---

04 CIV. _____

**04 CV 09462**

COMPLAINT

JURY TRIAL DEMANDED

JUDGE PATTERSON

RECEIVED
DEC - 2 2004
U.S.D.C. S.D.
CASHIERS

      Plaintiff Laboratoires Expanscience S.A. ("Expanscience"), by its attorneys,

hereby demands a jury trial and alleges upon knowledge as to its own acts and upon information

and belief as to all other matters, as follows:

## NATURE OF THE ACTION

      1.     Expanscience is a leading French pharmaceutical and cosmetic

company that manufactures and markets, both in and outside the United States, an avocado-soy

unsaponifiable product that is used in the treatment of osteoarthritis and other conditions.

Expanscience brings this action against Jason Theodosakis, M.D., a.k.a. "Dr. Theo" ("Dr.

Theo"), and Supplement Testing Institute, Inc. ("STI") (Dr. Theo and STI, collectively,

"Defendants") for unfair competition and false advertising under the Trademark Act of 1946, 15

U.S.C. §1051, et seq. as amended (the "Lanham Act"), and unfair competition, deceptive acts and practices, misappropriation and unjust enrichment under the laws of the State of New York. Defendants have made, and continue to make, false and/or misleading claims in connection with their marketing, distribution and promotion of a line of purported avocado-soy unsaponifiable products which Defendants refer to as "Avosoy."

2.     In communications widely available over the internet, Defendants have promoted and continue to promote their Avosoy products in connection with clinical and non-clinical studies, articles or references that, by Defendants' own admission, study, or are based on, Expanscience's avocado-soy unsaponifiable product, Piascledine®, not Defendants' Avosoy products. As Defendants know, Defendants' attempt to link the available research on Expanscience's avocado-soy unsaponifiable product to their Avosoy products is false and/or misleading because Defendants' Avosoy products have a significantly different composition than Piascledine®. Indeed, given the dissimilarity between Piascledine® and Defendants' Avosoy products, there is no basis to conclude that the existing research on Piascledine® has any application to Defendants' Avosoy products, a fact which even Defendants acknowledge in a purported "disclaimer" linked to Defendants' web site (as set forth below, Defendants' disclaimer is ineffective in addressing the false and/or misleading inclusion of Piascledine® based studies in Defendants' promotional materials relating to their Avosoy products).

3.     Defendants' intentional misrepresentations have directly and irreparably harmed, and unless enjoined will continue to harm, Expanscience. Defendants' conduct has caused Expanscience to suffer a substantial loss in revenue; however, money damages alone cannot adequately compensate Expanscience for the harm caused to it as a result of Defendants' misrepresentations.

4.      Defendants' intentional misrepresentations have deceived purchasers of Defendants' Avosoy products as to the fact that Defendants' Avosoy products have not been proven efficacious in the treatment of osteoarthritis.  Such misrepresentations have therefore caused harm to consumers.

5.      Accordingly, Expanscience seeks a judgment and order from this Court, inter alia: (i) declaring that Defendants have violated federal and state law as described more fully below; (ii) awarding Expanscience injunctive relief; (iii) requiring Defendants to retract and correct the false perceptions created by their misrepresentations; (iv) awarding Expanscience treble damages in an amount to be proven at trial by jury; (v) requiring Defendants to account to Expanscience for Defendants' profits earned as a result of their misrepresentations; and (vi) awarding Expanscience attorneys' fees and costs, as well as such other relief as may be appropriate.

## JURISDICTION AND VENUE

6.      Expanscience's Lanham Act claim arises under the Lanham Act and this Court has subject matter jurisdiction over such claim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1338(a).  This Court has subject matter jurisdiction over the related claim for common law unfair competition pursuant to 28 U.S.C. § 1338(b).  This Court has supplemental jurisdiction over the related claims for deceptive acts and practices, misappropriation and unjust enrichment pursuant to 28 U.S.C. § 1367.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

7.     Jurisdiction over Defendants comports with the United States Constitution and the long-arm statute for the State of New York, Rule 302 of the New York Civil Practice Law and Rules.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant STI is deemed to reside in this District and because Defendants have engaged in, and continue to engage in, acts within this District that are the subject of this civil action.

### THE PARTIES

9.     Plaintiff Laboratoires Expanscience S.A. is a corporation that is organized and exists under the laws of France, with its principal place of business located at 10, Avenue de l'Arche, 92419 Courbevoie Cedex, France.

10.    Upon information and belief, defendant STI is a corporation organized and existing under the laws of Arizona with its principal place of business located at 526 East 16th Street, Tucson, Arizona 85701. Upon information and belief, defendant STI is directly involved in the manufacture, distribution and promotion of Defendants' Avosoy products.

11.    Upon information and belief, defendant Jason Theodosakis, M.D., a.k.a. "Dr. Theo," is an individual residing at 6890 E. Sunrise, PMB 120-383, Tucson, Arizona 85750. Dr. Theo, who frequently appears in the media commenting on arthritis related subjects, is the author of *The Arthritis Cure* (St. Martin's) which was recently re-issued in revised form. Upon information and belief, defendant Dr. Theo, whom Expanscience is informed and believes is president of defendant STI and controls STI's activities, is directly involved in the manufacture, distribution and promotion of Defendants' Avosoy products.

-4-

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

**A.     Expanscience's Avocado Soy Unsaponifiable Product**

12.     Expanscience has been a leading French pharmaceutical and dermo-cosmetic company for many years.

13.     While Expanscience has developed, manufactured and distributed a wide range of products, one of its most successful products in France to date is an avocado-soy unsaponifiable formulation marketed in many countries in connection with the brand name Piasclédine®.

14.     Piasclédine® was first made commercially available in France in or about 1977 where it was marketed with the approval of the French regulatory authorities as an orally administered drug, in capsule form, with dermatological and periodontal related uses.

15.     During the 1980s, anecdotal evidence began to emerge that Piasclédine®, in addition to having proven dermatological and periodontal uses, was beneficial in the treatment of osteoarthritis, which is one of the most common types of arthritis and is characterized by the breakdown of joint cartilage.

16.     Specifically, patients treated with Piasclédine® for dermatological and periodontal purposes reported that their ingestion of Piasclédine® coincided with a marked lessening of their osteoarthritis-related symptoms.

17.     Expanscience reacted to the emerging evidence that Piasclédine® was effective in the treatment of osteoarthritis by supporting, either directly or through its affiliate, Laboratoires Pharmascience, a number of published, peer-reviewed clinical and non-clinical studies examining the efficacy of Piasclédine® in the treatment of osteoarthritis.

18.   For example, Expanscience expended millions of dollars supporting the following clinical studies, all of which used Piasclédine® as the avocado-soy unsaponifiable delivery mechanism:

- A prospective, randomized, double-blind, placebo controlled, multi-center clinical trial with a six month treatment period and a two month follow-up conducted under the supervision of Doctors Emmanuel Maheu, Bernard Mazieres, Jean-Pierre Valat, Gerard Loyau, Xavier Le Loet, Pierre Bourgeois, Jean-Marie Grouin and Sylvie Rozenberg.  This study showed "significant symptomatic efficacy" of Piasclédine® over a placebo in the treatment of osteoarthritis and was published in January 1998 in the influential journal *Arthritis & Rheumatism*.  See Maheu E, Mazieres B, Valat JP, Loyau G, Le Loet X, Bourgeois P, Grouin JM, Rozenberg S., *Symptomatic Efficacy of Avocado/soybean Unsaponifiables in the Treatment of Osteoarthritis of the Knee and Hip*, Arthritis and Rheumatism (1998) 41:81-91.  A true and correct copy of this study is attached hereto as Exhibit A.

- A prospective, multi-center, three month, randomized, double-blind, placebo controlled trial conducted under the supervision of Doctors Francis Blotman, Emmanuel Maheu, Arthur Wulwik and Antoine Lopez and statistician Herve Caspard.  The study suggested that Piasclédine® has a slow-acting symptomatic effect in hip and knee osteoarthritis that translates into a reduced need for nonsteroidal anti-inflammatory drugs.  See Blotman F, Maheu E, Wulwick A, Caspard H, Lopez A, *Efficacy and Safety of Avocado/soybean Unsaponifiables in the Treatment of Symptomatic Osteoarthritis of the Knee and Hip*, Rev Rhum Engl Ed (1997) 64:825-834.  A true and correct copy of this study is attached hereto as Exhibit B.

- A double-blind, prospective, placebo-controlled three month study conducted under the supervision of Doctors Thierry Appelboom, Joseph Schuermans, Gust Verbruggen, Yves Henrotin and Jean-Yves Reginster.  The study showed that the efficacy of Piasclédine® at a dosage of 300 mg/day and 600 mg/day was consistently superior to that of the placebo with no differences observed between the two doses.  See Appelboom T, Schuermans J, Verbruggen G, Henrotin Y, Reginster, JY, *Symptoms Modifying Effect of Avocado/soybean Unsaponifiables (ASU) in Knee Osteoarthritis*, Scand J. Rheumatol (2001) 30:242-7.  A true and correct copy of this study is attached hereto as Exhibit C.

- A prospective, multi-center, randomized, parallel group, double-blind, placebo controlled trial of two years' duration under the supervision of Doctors Michael LeQuesne, Emmanuel Maheu, Christian Cadet and

Renée-Liliane Dreiser.  The study did not demonstrate a structural effect of Piasclédine® in hip osteoarthritis. However, in a post-hoc analysis, Piasclédine® significantly reduced the progression of joint space loss as compared with the placebo in the subgroup of patients with advanced joint space narrowing.  See LeQuesne M., Maheu E., Cadet C., and Dreiser R.-L., *Structural Effect of Avocado/Soybean Unsaponifiables On Joint Space Loss In Osteoarthritis of the Hip*, Arthritis and Rheumatism (2002) 47:50-58.  A true and correct copy of this study is attached hereto as Exhibit D.

19.    Further, Expanscience supported the following non-clinical studies examining Piasclédine®'s efficacy in treating osteoarthritis:

- Henrotin Y.E., Sanchez C., Deberg M., Piccardi N., Guillou G.B., Msika P., and Reginster J.-Y. L., *Avocado/Soybean Unsaponifiables Increase Aggrecan Synthesis and Reduce Catabolic and Proinflammatory Mediator Production by Human Osteoarthritic Chondrocytes*, J Rheumatol (2003) 30:1825-34. A true and correct copy of this study is attached hereto as Exhibit E.

- Henrotin Y.E., Labasse A.H., Jaspar, J.M., De Groote D.D., Zheng S.X., Guillou G.B., and Reginster J.-Y. L., *Effects of Three Avocado/Soybean Unsaponifiable Mixtures On Metalloproteinases, Cytokines and Prostaglandin E$_2$ Production By Human Articular Chondrocytes*, Clin Rheumatol (1998) 17:31-39.  A true and correct copy of this study is attached hereto as Exhibit F.

- Boumediene K., Felisaz N., Bogdanowicz P., Galera P., Guillou G.B., and Pujol J.-P., *Avocado/Soya Unsaponifiables Enhance The Expression of Transforming Growth Factor B1 and B2 In Cultured Articular Chondrocytes*, Arthritis and Rheumatism (1999) 42:148-156.  A true and correct copy of this study is attached hereto as Exhibit G.

20.    Expanscience has also invested substantial amounts in publicizing the fact that Piasclédine® is effective in the fight against osteoarthritis.  For example, since its introduction in 1992 of Piasclédine® in connection with treatment for osteoarthritis, Expanscience has hosted numerous seminars in various locations, including the United States, dedicated to sharing information with rheumatologists regarding the efficacy of Piasclédine® in the treatment of osteoarthritis.

21.     Expanscience's novel and innovative technology relating to Piasclédine®
is the subject of three separate U.S. patents.

22.     Expanscience's substantial investment in researching and promoting
Piasclédine® as an invaluable weapon in the fight against osteoarthritis has met with commercial
success and Piasclédine® is now one of the company's most important products.   Indeed,
Piasclédine® has proven so successful as a treatment for osteoarthritis that France's national
health agency partially reimburses French consumers for the purchase of Piasclédine® in
connection with osteoarthritis treatment.

23.     Expanscience's unqualified success with Piasclédine® in France and
numerous other countries, coupled with the fact that it has been reported that some 16 million
people in the United States suffer from the effects of osteoarthritis, has led Expanscience to
recently begin selling an avocado-soy unsaponifiable formulation in the United States.
Expanscience's avocado-soy unsaponifiable formulation is currently available through mail
order distribution in the United States and Expanscience is preparing for an imminent launch of
this product in U.S. drug stores, health food stores and natural products stores.

24.     Expanscience has invested substantial sums in connection with its launch
of an avocado-soy unsaponifiable formulation in the United States, an investment which has
been recently threatened by Defendants' unauthorized and illegal conduct as set forth below.

**B.     Defendants' False Advertising**

25.     Defendants are engaged in the manufacture, distribution, sale, offer for
sale and advertisement, both inside and outside the State of New York, of a line of purported
avocado-soy unsaponifiable products which Defendants refer to generally as "Avosoy."

-8-

Specifically, Defendants manufacture, distribute, sell, offer for sale and advertise three Avosoy products, "Avosoy," "Avosoy Plus," and "Avosoy Complete."

26.     Defendants, in their promotional materials for their Avosoy products, have cited Expanscience sponsored and/or non-sponsored clinical and non-clinical studies, articles or references that, by Defendants' own admission, study, or are based on, Expanscience's avocado-soy unsaponifiable product called Piasclédine® (the "Piasclédine® Studies"), including, without limitation, all of the Expanscience sponsored studies identified in paragraphs 18 and 19 above, purportedly in support of efficacy claims for their Avosoy products. True and correct copies of examples of Defendants' promotional materials promoting their Avosoy products in connection with the Piasclédine® Studies are attached hereto as Exhibit H.

27.     Defendants have made commercial use of the Piasclédine® Studies despite the fact that these studies were based upon Piasclédine®, not Defendants' Avosoy products.

28.     Defendants' commercial use of the Piasclédine® Studies in connection with materials promoting Defendants' Avosoy products is false and/or misleading because Defendants' Avosoy products have a significantly different composition than Expanscience's avocado-soy unsaponifiable product. There is no basis on which to conclude that the existing research on Piasclédine® has any application to Defendants' Avosoy products.

29.     Indeed, despite their conspicuous references to the Piasclédine® Studies in association with the promotion of their Avosoy products, Defendants elsewhere acknowledge that their Avosoy products are not supported by the Piasclédine® Studies. Defendants' web site links to a purported "disclaimer" (the "Purported Disclaimer") that provides "[n]o claim is given or implied that [the Avosoy] products are related to the French Prescription form of ASU

-9-

(Piascledine® 300) in any way or that the research evidence based on the ASU in Piascledine®
300 can be implied for the ASU contained in the products on this website.  Virtually all of the
published clinical research on ASU involved the use of Piascledine®."

      30.    The Purported Disclaimer is ineffective in ensuring that consumers who
view Defendants' web site are not mislead to believe that the purported efficacy of Defendants'
Avosoy products finds support in the Piasclédine® Studies.  Self-evidently, if Defendants did not
want to mislead consumers into believing that their Avosoy products find support in the
Piasclédine® Studies, they would not reference the Piasclédine® Studies in their promotional
materials.  The inclusion of the Piasclédine® Studies in promotional materials for Defendants'
Avosoy products can only have the purpose and effect of misleading consumers, engendering a
perception that Defendants' Avosoy products are supported by a substantial body of clinical and
non-clinical research when that is not in fact the case.

**C.**    **Defendants' Refusal to Cease and Desist from Falsely Advertising their Avosoy
Products and the Resulting Irreparable Injury to Expanscience**

      31.    On September 27, 2004, Expanscience sent a cease and desist letter to
Defendants demanding, inter alia, that Defendants cease and desist from commercial use of the
Piasclédine® Studies.  A true and correct copy of Expanscience's counsel's September 27, 2004
letter, without enclosures, is attached hereto as Exhibit I.

      32.    To date, Defendants have steadfastly refused to cease and desist from
promoting their Avosoy products in connection with the Piasclédine® Studies as confirmed in an
October 14, 2004 letter from Defendants' counsel to Expanscience's counsel.  A true and correct
copy of Defendants' counsel's October 14, 2004 letter is attached hereto as Exhibit J.

      33.    By reason of Defendants' acts, Expanscience has and will continue to
suffer damage to its business, reputation and goodwill, and the loss of sales and profits

Expanscience would have made, but for Defendants' acts. Unless Defendants are restrained and enjoined from continuing the aforementioned unlawful acts, Expanscience will continue to suffer irreparable harm.

## COUNT ONE
## FALSE ADVERTISING AND UNFAIR COMPETITION
## IN VIOLATION OF THE LANHAM ACT

34.    Expanscience repeats and re-alleges each and every allegation contained in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.    Defendants' references to and use of the Piasclédine® Studies in interstate commerce in connection with their promotion of their Avosoy products constitutes false and/or misleading advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

36.    Defendants' false and/or misleading statements are material and are likely to cause and, upon information and belief, have caused actual deception in the marketplace.

37.    Defendants' false and/or misleading advertising has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Expanscience, for which Expanscience has no adequate legal remedy.

38.    As a direct and proximate result of Defendants' false and/or misleading advertising, Expanscience has been and will continue to be damaged in an amount to be proven at trial.

39.    Upon information and belief, Defendants' false advertising is knowing, willful and fraudulent. Expanscience is therefore entitled to recover three times the amount of its actual damages, as well as its attorneys' fees and costs incurred in this action.

## COUNT TWO – UNFAIR COMPETITION

40.     Expanscience repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     Defendants' willful and knowingly unauthorized and intentionally misleading uses of the Piasclédine® Studies constitutes unfair competition in violation of the common law of the State of New York.

42.     Upon information and belief, Defendants have acted willfully, wantonly and maliciously in committing said tortious acts in violation of New York law.

43.     As a result of Defendants' aforementioned conduct, Expanscience has suffered damages in an amount to be ascertained at trial.

## COUNT THREE
## VIOLATION OF NEW YORK LAW PROHIBITING
## DECEPTIVE ACTS AND PRACTICES

44.     Expanscience repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45.     Defendants' willful and knowingly unauthorized and intentionally misleading uses of the Piasclédine® Studies has caused confusion, misled and deceived the public by engendering a perception that Defendants' Avosoy products are supported by a substantial body of clinical and non-clinical research when such is not in fact the case.

46.     Defendants' aforesaid activities constitute acts or practices that are deceptive and misleading, in violation of New York General Business Law § 349 et seq.

47.     Upon information and belief, Defendants have acted willfully, wantonly and maliciously in committing said tortious acts in violation of New York General Business Law § 349 et seq.

48.     As a result of Defendants' aforementioned conduct, Expanscience has suffered damages in an amount to be ascertained at trial.

## COUNT FOUR – MISAPPROPRIATION

49.     Expanscience repeats and re-alleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     Defendants have misappropriated the Piasclédine® Studies in violation of New York common law.

51.     Upon information and belief, Defendants have acted willfully, wantonly and maliciously in committing said tortious acts in violation of New York law.

52.     As a result of Defendants' aforementioned conduct, Expanscience has suffered damages in an amount to be ascertained at trial.

## COUNT FIVE – UNJUST ENRICHMENT

53.     Expanscience repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     Defendants' willful and knowingly unauthorized and intentionally misleading uses of the Piasclédine® Studies permits Defendants unfairly to exploit and profit from the investment Expanscience has made in its Piasclédine® product, to the detriment, and at the expense of, Expanscience.

55.    Defendants' conduct as set forth above constitutes unjust enrichment under New York common law.

56.    Upon information and belief, Defendants have acted willfully, wantonly and maliciously in committing said tortious acts in violation of New York law.

57.    As a result of Defendants' aforementioned conduct, Expanscience is entitled to an order requiring Defendants to disgorge and to turn over to Expanscience all of Defendants' profits realized from marketing and distribution of their Avosoy products in connection with the Piasclédine® Studies.

## PRAYER FOR RELIEF

WHEREFORE, Expanscience prays for judgment in its favor and further prays that this Court:

A.    Declare that Defendants have violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the laws of New York identified above.

B.    Grant a preliminary and, upon trial, a permanent injunction pursuant to the powers granted to it under 15 U.S.C. § 116 enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, licensees and all others in active concert or participation with them from:

1.    any and all use of, or reference to, the Piasclédine® Studies, or any reference or article that summarizes, analyzes, or discusses the Piasclédine® Studies, in connection with the marketing, distributing and/or promotion of any goods or services;

2.    making any claims, unless Defendants have valid clinical research to support such claims, that any of Defendants' avocado-soy unsaponifiable products: (i) are proven to be efficacious against osteoarthritis and other joint diseases, dermatological diseases or

-14-

periodontal diseases or any other disease relating to the alteration of connective tissue; (ii) can be used to relieve the symptoms of osteoarthritis and other joint diseases, dermatological diseases or periodontal diseases or any other disease relating to the alteration of connective tissue; (iii) foster or are conducive to joint health; or (4) any statement substantially similar to (i), (ii) or (iii) above; and

        3.     doing any act or thing likely to, or calculated to, induce the belief that Defendants are in any way affiliated, connected or associated with Expanscience, or Expanscience's business.

        C.     Order Defendants, within five (5) days after the entry of an order for permanent injunction, to notify and direct in writing all publishers of directories in which the Piasclédine® Studies appear in connection with or in proximity to Defendants' goods, including Internet search engines, to delete all references to the Piasclédine® Studies from their public databases, search engine directories, directory assistance, and from all future directories in which the Piasclédine® Studies appear, and to delete all forwarding of cache memory or other storage mechanisms referencing the Piasclédine® Studies.

        D.     Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all advertisements and promotional materials in their possession which reference and/or summarize the Piasclédine® Studies in connection with the marketing, distribution and/or promotion of any of Defendants' goods or services.

        E.     Order Defendants, within five (5) days after the entry of an order for permanent injunction, to notify in writing all publications (whether print or electronic) in which listings, advertisements or other references to the Piasclédine® Studies appear or are scheduled

-15-

to appear in connection with Defendants' Avosoy products, directing them to immediately cancel any references to the Piasclédine® Studies.

F.    Order Defendants, within five (5) days after the entry of an order for permanent injunction, to remove the Piasclédine® Studies from any hidden source code, including meta tags, encoded at Defendants' web site.

G.    Order Defendants, within five (5) days after the entry of an order for permanent injunction, to notify in writing each of its former and current customers as to the entry of the Court's injunction against using the Piasclédine® Studies in connection with the marketing, distribution and/or promotion of any of Defendants' goods or services.

H.    Order Defendants, within five (5) days after the entry of an order for permanent injunction, to publish in the same communication channels as they have previously promoted their Avosoy products statements retracting and correcting the false and/or misleading use of the Piasclédine® Studies in connection with the marketing, distribution and/or promotion of Defendants' goods.

I.    Order Defendants, in accordance with 15 U.S.C. § 1116, to file with the Court and serve on Expanscience a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction.

J.    Order Defendants to account to Expanscience for any and all profits derived from its use of the Piasclédine® Studies and pay Expanscience for all damages sustained by Expanscience due to Defendants' false and/or misleading use of the Piasclédine® Studies, such amount of profits and damages to be trebled in accordance with the provisions of 15 U.S.C. § 1117.

-16-

K.    Award Expanscience the damages it has sustained by virtue of Defendants' aforesaid violation of Expanscience's rights under New York law and award Expanscience Defendants' profits in accordance with applicable New York state common law.

L.    Find Defendants' actions to have been wanton, fraudulent and malicious and assess punitive damages against Defendants.

M.    Award pre-judgment interest and post-judgment interest on the above damage awards.

N.    Award Expanscience the costs of this action, together with Expanscience's attorneys' fees and disbursements.

O.    Award Expanscience such other and further relief as this Court deems just and equitable.

Dated:    New York, New York
          December 2, 2004

                                SALANS

                                By: _____
                                    Lora A. Moffatt (LM-4084)
                                    Joseph Petersen (JP-9071)
                                    620 Fifth Avenue
                                    New York, New York 10020-2457
                                    Tel.: (212) 632-5500
                                    Fax: (212) 632-5555

                                    Attorneys for Plaintiff
                                    Laboratoires Expanscience S.A.